GIBSON *v*. COMMISSIONER· OF STATE LAND OFFICE.

121    49<br>143   615

TAX HOMESTEAD LANDS — INTERNAL IMPROVEMENTS — CONSTITUTIONAL LAW.

> Act No. 423, Local Acts 1897, appropriating to the improvement of Maple river certain lands deeded to the State for homestead entry under the general tax law (Act No. 206, Pub. Acts 1893, §§ 127–134), and providing for the imposition of a tax for such improvement if the lands should prove inadequate, is repugnant to article 14, § 9, of the Constitution, which forbids the State from being a party to, or interested in, any work of internal improvement, except in the expenditure of grants to the State of land or other property; a deeding to the State under the tax law not being a land grant, within the meaning of the Constitution.

*Mandamus* by Alfred S. Gibson to compel William A.

French, commissioner of the state land office, to issue to relator a state tax homestead certificate. Submitted June 22, 1899. Writ granted July 11, 1899.

*Kelly S. Searl* and *John T. Mathews*, for relator.

*Horace M. Oren*, Attorney General, for respondent.

HOOKER, J. Sections 127 to 134, inclusive, of the tax law ( Act No. 206, Pub. Acts 1893 ), provide for the setting apart of certain lands which have been bid in to the State for delinquent taxes, for the purpose of entry and purchase for homesteads. Certain lands were so designated, and the relator made application to enter a tract. The respondent refused to permit this, upon the ground that the parcel had been appropriated to the improvement of Maple river, under Act No. 423, Local Acts 1897. The relator applies for a *mandamus* to compel such entry by respondent. He attacks the act last cited as unconstitutional, upon several grounds.

Section 9, art. 14, of the Constitution, reads as follows:

"The State shall not be a party to, or interested in, any work of internal improvement, nor engaged in carrying on any such work, except in the expenditure of grants to the State of land or other property."

That this is a work of internal improvement can admit of no question. It is within the case of *Wilcox* v. *Paddock*, 65 Mich. 23. This being so, the State cannot be a party to such work, except to the extent of expending grants to the State of land. It has been held that it is contrary to the policy of the State to permit the inhabitants to be taxed for such works, yet this act provides for nothing else. The lands that are sought to be appropriated are not lands granted to the State, except in a most technical sense; for, though the auditor general does execute a deed to the State, he holds them in the first instance for the State, which has purchased them for delinquent taxes. They represent the State's lien upon them for taxes, and indirectly the act thus seeks to apply taxes to

such a purpose; for, if the land is to be thus applied, the deficiency arising from the failure of the former owner to pay the taxes for which the lands were sold will have to be met by taxation. Again, the act provides for the imposition of a tax for such improvement if the lands prove inadequate. We think it clearly unconstitutional, and the writ will issue as prayed.

The other Justices concurred.